BANK OF COLUMBIA, (LEVERING v.) See Cases Nos. 8,286, and 8,287.

## Case No. 873.

BANK OF COLUMBIA v. MACKALL.

[2 Cranch, C. C. 631.][1]

Circuit Court, District of Columbia. Dec. Term, 1825.

NEGOTIABLE INSTRUMENTS — NON-PAYMENT PROTEST—EVIDENCE OF NOTARY'S DEPUTY—WAIVER OF NOTICE.

1. The declarations of the notary's deputy cannot be given in evidence.

2. The defendant, who was a notary-public, was the indorser of a note for $3,000, made by his son B. F. Mackall, who had conveyed to him, in trust, sufficient property for his indemnity. The note was payable in the plaintiff's bank, but no funds were there to pay it when payable. The note was, on the last day of grace, delivered to the defendant's son Brooke Mackall, who was his deputy-notary, with other notes, for demand and notice, and was returned to the bank with the other notes. The defendant afterwards sold the property, under the deed of trust, for stock in the plaintiff's bank, and offered it to the bank, at par, in payment of the note. But the bank refused to receive it; held that the jury may infer notice, or waiver of notice; but the delivery of the note to the deputy-notary, was not, per se, notice to the defendant.

3. The waiver of objection to the want of notice may be after the laches, as well as before.

At law. Assumpsit [by Bank of Columbia] against [Leonard Mackall] the indorser of B. F. Mackall's note for $3,000, due 31st May, 1821, payable at the Bank of Columbia. The defendant was the notary-public generally employed by the plaintiffs to demand payment of notes and give notice to the indorsers. His son, Brooke Mackall, was his deputy-notary, and transacted most of his notarial business. The defendant's note was delivered to his said deputy on the last day of grace, for demand and notice.

Mr. Key, for the plaintiffs, offered to give in evidence the declarations of the deputy-notary at the time he returned the note to the bank as to his giving notice to the defendant.

[1] [Reported by Hon. William Cranch, Chief Judge.]

But THE COURT (nem. con.) refused to permit them to be given in evidence.

Mr. Jones, for the defendant, prayed the court to instruct the jury, that the plaintiffs could not recover upon the evidence, which consisted of the making and indorsement of the note; the delivery of the note on the third day of grace to the defendant's deputy (who was also his son and lived in his family) for demand and notice; a deed of trust by the maker of the note to the defendant, of sufficient property to indemnify him. The sale of the property by the defendant, for stock in the plaintiff's bank, and his offer to pay the note in the said stock at par, which was not worth 30 per cent.; and the plaintiff's refusal to accept it. When the note became payable, it was in the bank, and the officers of the bank were there ready to receive payment, but there were no funds of the maker there to pay it.

THE COURT (nem. con.) refused to instruct the jury that the plaintiffs could not recover upon that evidence, and instructed them that if they believed the facts to be as stated, no other or further demand of payment was necessary to be made of the maker of the note; and that they might infer that due notice of the nonpayment was given to the defendant, or that he had waived the objection arising from the want of notice.

Mr. Jones, then prayed the court to instruct the jury, that it is necessary for the plaintiffs, in order to entitle themselves to recover in this action, to prove, in addition to the regular demand of payment of the said note at the said bank on the last day of grace, that the defendant was on that day, or the next, duly notified of the dishonor of the said note, and of the intention of the plaintiffs to hold him liable for the same as indorser; and further, that the delivery of the note to the deputy-notary for notice and protest (if such be found by the jury to be the fact,) was not, under the circumstances stated, notice to the defendant; but that it was still necessary, in order to charge the defendant as such indorser, that he should have received from his said deputy actual notice of the dishonor of the said note, and of his being held liable for the same.

Whereupon the court instructed the jury that the said delivery of the said note to the deputy of the notary as aforesaid, and under the circumstances aforesaid, was not per se, notice to the defendant of the non-payment of the said note; and the court refused to give the other part of the instruction.

Mr. Jones then prayed the court to instruct the jury, that in order to enable the plaintiffs to recover in this action, to prove such actual notice to the defendant; or that the defendant should, with a distinct knowledge of his right to require such notice, have at the time of the said note being demanded, or before, waived such notice, and discharged the plaintiffs from the duty of giving the same. Which instruction the court refused to give;

being of opinion, that it is competent for the plaintiffs to show that the defendant waived the objection arising from the want of notice, after laches of the plaintiffs had occurred; and that from the evidence aforesaid, the jury, if they should believe the same, may infer such waiver.

